UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ROBERT MCKENNEY, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | 2:19-cv-00223-DBH |
| ARLENE JACQUES, et al., | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

Plaintiff, an inmate at the York County Jail, alleges that Defendants unlawfully denied him access to education programs and failed to provide him with the documents necessary to file a grievance. (Complaint, ECF Nos. 1, 1-1.) Plaintiff alleges Defendants are employed at the jail.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (ECF No. 3.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the Plaintiff's complaint.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTUAL BACKGROUND[1]

According to Plaintiff, he attempted to enroll in cooking classes, parenting classes and self-help groups administered as part of the jail's education program. Defendant Miller informed Plaintiff that he could not attend the classes due to an investigation concerning his relationship with an officer of the program. Plaintiff complained to Defendant Jacques, who confirmed that Plaintiff would not be permitted to participate in the classes. Plaintiff subsequently wrote to Defendant Kortes, who confirmed that Plaintiff could not attend the classes pending the investigation. Plaintiff also alleges Defendant Kortes refused to provide Plaintiff with a grievance form.

## DISCUSSION

Plaintiff contends that Defendants violated his constitutional rights when they

---

[1] The facts are derived from Plaintiff's complaint.

denied him access to the jail's education programs and refused to permit him to file a formal grievance.

Plaintiff does not have a constitutional right to rehabilitation or to an education program. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (denial of educational services is not punishment for Eighth Amendment purposes); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (no due process guarantee with respect to discretionary decisions related to "prisoner classification and eligibility for rehabilitative programs"); *Fiallo v. De Batista*, 666 F.2d 729, 730 (1st Cir. 1981) ("We are unaware of any authority for the proposition that a prison inmate has a federal constitutional right to rehabilitation. Indeed, all indications appear to be to the contrary."); *Lovell v. Brennan*, 566 F. Supp. 672, 689 (D. Me. 1983), *aff'd,* 728 F.2d 560 (1st Cir. 1984) ("[T]he courts have not recognized a constitutional right to rehabilitation for prisoners."). Plaintiff, therefore, has not asserted a federal claim based on his inability to participate in the education programs at the jail.

Plaintiff's claim regarding the grievance process also fails. A prisoner does not have a constitutional right to a particular prison grievance procedure, or even to file a prison grievance; rather, the Due Process Clause entitles prisoners to predeprivation process whenever the state subjects them to an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) ("[T]he prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."); *Charriez v. Sec'y,*

*Florida Dep't of Corr.*, 596 F. App'x 890, 895 (11th Cir. 2015) (unpublished) ("Because the prison grievance procedure does not create a protected liberty interest, Charriez does not have a federal constitutional right within that administrative-grievance procedure."); *Von Hallcy v. Clements*, 519 F. App'x 521, 523 (10th Cir. 2013) (unpublished) ("Von Hallcy cannot state a due process claim based on allegations of an ineffective grievance reporting system."); *Brown v. Graham*, 470 F. App'x 11, 13 (2d Cir. 2012) ("Brown's argument that he has a federally-protected liberty interest in the state's compliance with its own prison grievance procedures is meritless."); *Butler v. Brown,* 58 F. App'x 712 (9th Cir. 2003) ("[A] prisoner has no constitutional right to prison grievance procedures."); *Young v. Gundy,* 30 F. App'x 568, 569 – 70 (6th Cir. 2002) (unpublished) ("[T]here is no inherent constitutional right to an effective prison grievance procedure."). Because prison grievance procedures are not mandated or governed by the Constitution or other federal law, Plaintiff has not and cannot assert an actionable federal claim based on Defendants' administration of the grievance process.

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of August, 2019.